**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANJIT SINGH, | No. 06-72740 |
| Petitioner, | Agency No. A77-835-411 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Manjit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the determination unless the evidence compels a contrary result. *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). We review de novo constitutional due process challenges to immigration decisions. *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009). We deny the petition.

Contrary to Singh's assertion, the record shows the IJ made an explicit adverse credibility determination. Substantial evidence supports the IJ's adverse credibility finding based on Singh's submission of a fraudulent medical document. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (upholding agency's reliance on the submission of fraudulent documents, the genuineness of which went to the heart of the petitioner's claim). Accordingly, his asylum and withholding claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The record also belies Singh's assertion that the IJ and the BIA failed to consider his CAT claim. Substantial evidence supports the agency's denial of his CAT claim because it is based on the same evidence that the agency found to be not credible, and Singh points to no other evidence showing it is more likely than not he will be tortured. *See id.* at 1157.

Finally, we reject Singh's claim that the IJ violated his due process rights by denying his request for a continuance because Singh was not prevented from reasonably presenting his case. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). The IJ granted Singh a five-month continuance in which to prepare and send interrogatories to the government's investigators in India in order to attempt to rebut the evidence that the medical document was fraudulent, but Singh failed to do so. Singh did not proffer any other evidence to the IJ at the next hearing. Thus, the IJ did not err in denying another continuance. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**